

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2005

# Bolling v. Morton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bolling v. Morton" (2005). *2005 Decisions*. Paper 236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-30                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3505

STEVEN G. BOLLING,
Appellant

v.

WILLIS E. MORTON; ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 94-cv-01168)
District Judge: Honorable Anne E. Thompson

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2005

Before: SLOVITER, McKEE and FISHER, Circuit Judges

(Filed:  November 10, 2005)

OPINION

PER CURIAM

        Appellant, Steven Bolling, appeals the District Court's order denying his request

that it intervene in ongoing state court proceedings.  For essentially the same reasons

given by the District Court, we will affirm.

In October 1986, Bolling was charged in a thirty-eight count indictment as a result of an incident which occurred when he was hitchhiking. A motorist who was approached by Bolling for a ride became frightened and summoned police. When police arrived, Bolling stole a police car and a high-speed chase ensued. The chase ended when Bolling's car, in the course of running a red light, hit the victims' vehicle at a high rate of speed. The victims' vehicle burst into flames immediately after impact, resulting in the death of four passengers. The remaining two victims were thrown from the vehicle and died as a result of their injuries. Bolling was convicted by a jury in April 1987 of six counts of felony murder resulting from burglary, six counts of aggravated manslaughter, six counts of death by auto, third degree burglary, three counts of aggravated assault on a police officer, three counts of resisting arrest, and theft of a means of conveyance. Bolling was sentenced to six concurrent life terms with a thirty-year term of parole ineligibility. The Superior Court, Appellate Division affirmed the judgment and conviction, and the New Jersey Supreme Court denied Bolling's petition for certification.

Bolling then filed a petition for post-conviction relief in state court challenging the trial court's instructions on the "probable consequence" element of the state causation statute. The Superior Court, Appellate Division determined that Bolling's contentions were without merit and affirmed the Law Division's order denying Bolling's petition for post-conviction relief. The New Jersey Supreme Court subsequently denied Bolling's petition for certification. In March 1994, Bolling filed a petition for writ of habeas

2

corpus pursuant to 28 U.S.C. § 2254 in the underlying civil action raising this same faulty jury instruction claim. The District Court denied Bolling's petition, and we denied him the certificate of probable cause required to appeal in an order dated February 24, 1995. See C.A. No. 94-5409.

Bolling apparently returned to state court and filed a second petition for post-conviction relief in January 2003. The trial court denied his post-conviction petition in June of that same year. Appellant states that he then petitioned the New Jersey Superior Court, Appellate Division for leave to proceed as an indigent person and for the appointment of counsel – a request which was originally granted. However, Bolling asserts that the Appellate Division reversed its order after the New Jersey Public Defenders' Office refused representation. Although Bolling was granted leave to appeal the order denying his request for appointed representation, the New Jersey Supreme Court denied his appeal on January 13, 2005, and he continues to litigate the proceedings in a pro se capacity.

It is at this point, nearly ten years after the District Court denied his federal habeas corpus petition, that Bolling returns to federal court. On April 6, 2005, Bolling filed a motion seeking to have the District Court overrule the New Jersey Supreme Court's decision refusing to appoint counsel to represent him in post-conviction proceedings. The District Court, finding no basis to intervene in an on-going matter before the New Jersey state courts, denied Bolling's motion in an order entered on June 9, 2005. This timely

3

appeal followed.[1]

We can find no error on the part of the District Court in denying Bolling's motion. While appellant cites the District Court's authority under 28 U.S.C. § 1915(e)(1) to appoint counsel to represent a person unable to afford an attorney, that statutory provision governs proceedings in federal court. The District Court's authority under § 1915(e)(1) does not confer upon it jurisdiction to intervene in on-going state court proceedings and to overturn the decision of a state supreme court regarding the appointment of post-conviction counsel.

Accordingly, because no substantial question is presented by this appeal, see I.O.P. 10.6, we will summarily affirm the District Court's order.

---

[1] Although it initially appeared that the notice of appeal was untimely filed, the postmark on the envelope is dated June 29, 2005. Thus, Bolling's notice of appeal had to have been delivered to prison officials for mailing within the 30 day period prescribed by Fed. R. App. P. 4(a)(1)(A). See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988).